IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RACHEL JOSEPH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO: 17-329 |
| | * | |
| ARKEMA, INC. and | * | **JURY DEMAND** |
| NET2SOURCE, INC. | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW Plaintiff, Rachel Joseph, in the above-styled matter, and files this Complaint against Defendants, ARKEMA, INC. and NET2SOURCE, INC., for causes of action and would respectfully show the following:

### I. JURISDICTION AND VENUE

1. This suit concerns Defendants' refusal to hire Plaintiff based on her sex (female). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, § 1343(a)(4), § 2201 and § 2202, 42 U.S.C. § 2000e *et seq.* This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000e, *et seq.*, providing for injunctive and other relief against discrimination on the basis of sex.

1

2. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. The Plaintiff timely filed her charges of sex discrimination within 180 days of the last discriminatory act.

The Equal Employment Opportunity Commission ("EEOC") determined that Defendant ARKEMA did not interview or hire Ms. Joseph "based on her sex," and that its investigation "establishes reasonable cause to believe that Title VII of the Civil Rights Act of 1964, as amended, has been violated."

The EEOC also found that Defendant NET2SOURCE, INC. discriminated against Ms. Joseph "based on her sex," and that its investigation into NET2SOURCE also "establishes reasonable cause to believe that Title VII of the Civil Rights Act of 1964, as amended, has been violated."

The Plaintiff timely files this suit within 90 days of receipt of her right-to-sue letters from the Equal Employment Opportunity Commission (EEOC).

3. Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Defendants have committed unlawful employment practices in this District and the Plaintiff would have worked for Defendant ARKEMA in this District but for the unlawful sex discrimination.

4. The Plaintiff requests a trial by jury on all issues pursuant 42 U.S.C. § 1981a.

## II. PARTIES

5. Plaintiff Rachel Joseph (hereinafter "Joseph") is a female citizen of the United States and a resident of the Southern District of Alabama. Ms. Joseph applied to work as a Packaging Operator at Defendant ARKEMA's Axis, Alabama plant.

6.     Defendant ARKEMA, INC. (hereinafter "Arkema") is an entity subject to suit under Title VII. It is a Pennsylvania corporation that is licensed to do business and is in fact operating a plant in Axis, Alabama. Arkema employs at least fifteen (15) persons and is an employer within the meaning of Title VII.

7.     Defendant NET2SOURCE, INC. (hereinafter "Net2Source") is an entity subject to suit under Title VII. It is a global business consulting and services company based in Jersey City, New Jersey. It employs at least fifteen (15) persons and is subject to suit under Title VII both as an "employer" and as an "employment agency," as defined by the statute. 42 U.S.C. § 2000e (b,c).

### III.  STATEMENT OF FACTS

8.     Ms. Joseph was contacted via telephone in late June, 2015, by Manjeet Thakur, a representative of Defendant Net2Source Inc. Mr. Thakur informed Ms. Joseph that he had seen her resume on www.Indeed.com, and that she was a good candidate for a Packaging Operator position at the Axis, Alabama plant of Defendant Arkema, Inc.

9.     On June 29, 2015, Mr. Thakur gave Joseph various details about the open Packaging Operator position at Defendant Arkema. After Ms. Joseph sent her resume to him that same day, Thakur told Joseph that he would submit her resume for the position and that he would call her the following week about the "interview details."

10.    Mr. Thakur also informed Ms. Joseph that although the position did not offer insurance, he would arrange for her pay to be $15 per hour ($1 per hour more than the $14/hour initially indicated for the position).

11.    On July 21, 2015, when no interview had been scheduled, Ms. Joseph emailed Mr. Thakur and asked about the status of the job. Mr. Thakur responded via email that he had

"checked with client and find out that they are preferring male candidate for this job," but he would keep Ms. Joseph in mind for other jobs with her skill set.

12. Neither Defendant Arkema nor Defendant Net2Source interviewed Ms. Joseph for the Packaging Operator position at Defendant Arkema.

13. Neither Defendant Arkema nor Defendant Net2Source hired Ms. Joseph for the Packaging Operator position at Defendant Arkema.

14. Upon information and belief, two males were hired for the position in Ms. Joseph's stead.

15. As a result of Defendants' refusal to hire Ms. Joseph based on her sex, Ms. Joseph has suffered severe harm, including, but not limited, to loss of compensation, wages, back pay and front pay, benefits, seniority, and other employment benefits. Ms. Joseph has further suffered emotional distress, humiliation, indignity, and the resulting injury and loss.

## IV.  CAUSE OF ACTION

### *SEX DISCRIMINATION IN VIOLATION OF TITLE VII*

16. Plaintiff re-alleges each and every allegation set forth in paragraphs 1- 15 above with the same force and effect as though fully set forth herein below.

17. Defendants Arkema and Net2Source willfully and maliciously discriminated against Plaintiff based on her sex with respect to the terms, conditions, and privileges of her employment, including refusing to hire or consider her for the open position for which she was qualified based on her sex.

18. The sex discrimination was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

19.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

20.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

### V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court assume jurisdiction of this action and grant the following relief:

(a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of Plaintiff as secured by Title VII.

(b) Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request from continuing to violate Title VII.

(c) Enter an Order requiring the Defendants to make the Plaintiff whole by reinstating her into the position she would occupy but for the Defendants' unlawful discrimination and/or front pay, back pay (plus interest), payment or provision of fringe benefits; compensatory, punitive, and/or nominal damages, and an award of attorneys' fees and expenses.

(d) Such other relief and benefits as the cause of justice may require.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 20th day of July, 2017,

  /s/ Abby M. Richardson
ABBY M. RICHARDSON (RICHA3209)

*Attorney for Plaintiff, Rachel Joseph*

OF COUNSEL:

RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, Alabama  36602
Telephone:	251.338.1695
Facsimile:	251.338.1698
Email:		abby@richardsonlawllc.com